**LOWENSTEIN SANDLER LLP**
Daniel B. Besikof
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Email: dbesikof@lowenstein.com

-and-

Michael Papandrea
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: mpapandrea@lowenstein.com

*Counsel for Voyant Beauty, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RML, LLC,[1]<br><br>      Debtor. | Chapter: 11<br><br>Case No. 22-10784 (DSJ) |
| Old Revco GUC Liquidating Trust<br><br>      Plaintiff,<br>v.<br><br>Voyant Beauty, Inc.,<br><br>      Defendant. | Adv. Pro. No. 24-01264 (DSJ)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF VOYANT BEAUTY, INC. TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

---

[1] On May 31, 2023, the Court entered the Order (I) Consolidating Remaining Matters Under the Remaining Case, (II) Entering Final Decree Closing Certain of the Chapter 11 Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief [Docket No. 68], closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. The location of RML, LLC's service address for purposes of these Chapter 11 Cases is: 55 Water St., 43rd Floor, New York, NY 10041-0004.

Voyant Beauty, Inc. ("Voyant Beauty" or "Defendant") hereby answers (the "Answer") the complaint (the "Complaint") filed in the above-captioned adversary proceeding (the "Adversary Proceeding") by the Old Revco GUC Liquidating Trust (the "Trust" or the "Plaintiff"). As and for its Answer, Voyant Beauty respectfully states as follows:

## NATURE OF THE CASE

1. Voyant Beauty asserts that no response is required to the allegations contained in paragraph 1. To the extent a response is required, Voyant Beauty denies having sufficient information to admit or deny the allegations, if any, contained in paragraph 1, and on that basis denies the allegations.

2. Voyant Beauty asserts that no response is required to the allegations contained in paragraph 1. To the extent a response is required, Voyant Beauty denies having sufficient information to admit or deny the allegations, if any, contained in paragraph 1, and on that basis denies the allegations.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny such allegations and on that basis denies such allegations.

4. Paragraph 4 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny such allegations and leaves the Plaintiff to its proofs.

5. Paragraph 5 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny such allegations and leaves the Plaintiff to its proofs.

6. Paragraph 6 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny such allegations and leaves the Plaintiff to its proofs.

## PROCEDURAL BACKGROUND

7. Voyant Beauty admits the allegations contained in paragraph 7 of the Complaint based on the public docket in the Chapter 11 Case.

8. Voyant Beauty admits the allegations contained in paragraph 8 of the Complaint based on the public docket in the Chapter 11 Case.

9. Voyant Beauty admits the allegations contained in paragraph 9 of the Complaint based on the public docket in the Chapter 11 Case.

10. Voyant Beauty admits the allegations contained in paragraph 10 of the Complaint based on the public docket in the Chapter 11 Case.

11. Voyant Beauty is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 and as such leaves the Plaintiff to its proofs.

## THE PARTIES

12. Paragraph 12 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny such allegations and leaves the Plaintiff to its proofs.

13. Voyant Beauty admits that it is a manufacturer of beauty and personal care products, that its principal place of business has been and is located at 6710 River Road, Hodgkins, Illinois 60525 and that it is a Delaware Corporation. Voyant Beauty is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 13 and leaves the Plaintiff to its proofs.

## **FACTUAL BACKGROUND**

14. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 14 and leaves the Plaintiff to its proofs.

15. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 15 and leaves the Plaintiff to its proofs.

16. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 16 and leaves the Plaintiff to its proofs.

17. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 17 and leaves the Plaintiff to its proofs.

18. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 18 and leaves the Plaintiff to its proofs.

19. Voyant Beauty denies the allegations in paragraph 19.

20. Voyant Beauty denies the allegations in paragraph 20.

21. Paragraph 21 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 21.

22. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 22 and leaves the Plaintiff to its proofs.

23. Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 23 and leaves the Plaintiff to its proofs.

24. Paragraph 24 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 24.

25. Voyant Beauty asserts that no response is required to the allegations contained in paragraph 25. To the extent a response is required, Voyant Beauty denies having sufficient information to admit or deny the allegations, if any, contained in paragraph 25, and on that basis denies the allegations.

**FIRST CLAIM FOR RELIEF**
**AVOIDANCE OF TRANSFERS UNDER 11 U.S.C. § 547**

26. Voyant Beauty repeats and realleges its answers above with respect to the allegations set forth in paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Paragraph 27 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 27.

28. Paragraph 28 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 28.

29. Paragraph 29 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 29.

30. Paragraph 30 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 30.

31. Paragraph 31 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 31.

32. Paragraph 32 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty is without sufficient knowledge to admit or deny the allegations in paragraph 32 and leaves the Plaintiff to its proofs.

33. Voyant Beauty denies the allegations contained in paragraph 33.

34. Paragraph 34 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 34.

35. Paragraph 35 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 35.

**SECOND CLAIM FOR RELIEF**
**RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550**

36. Voyant Beauty repeats and realleges its answers above with respect to the allegations set forth in paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Paragraph 37 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 37.

38. Paragraph 38 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 38.

39. Paragraph 39 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 39.

**THIRD CLAIM FOR RELIEF**
**DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d) AND (j)**

40. Voyant Beauty repeats and realleges its answers above with respect to the allegations set forth in paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Paragraph 41 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 41.

42. Paragraph 42 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty admits it has not paid or turned over the alleged "Transfer(s)" (as defined in the Complaint) but otherwise denies the allegations contained in Paragraph 42.

43. Paragraph 43 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 43.

44. Paragraph 44 of the Complaint contains legal conclusions and no allegations of fact that require a response. To the extent a response is required, Voyant Beauty denies the allegations contained in Paragraph 44.

**PRAYER FOR RELIEF**

Voyant Beauty denies that the Plan Administrator is entitled to any of the relief requested in the WHEREFORE clause following paragraph 44 of the Complaint.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, or that such matters are not elements of the Plan Administrator's prima facie case, Voyant Beauty asserts the following

-7-

affirmative defenses, pled in the alternative to the extent that they may be found to be inconsistent. Voyant Beauty reserves the right to amend this Answer to supplement, delete or otherwise modify these defenses, or to assert further defenses, as justice may require.

## FIRST DEFENSE

Plaintiff cannot recover from Voyant Beauty to the extent the Transfers were never received by Voyant Beauty.

## SECOND DEFENSE

The relief sought in the Complaint should be barred because there was never any antecedent debt owing from the Debtor to Voyant Beauty and thus, to the extent the Debtor transferred any interest in property to or for the benefit of Voyant Beauty, such any such transfers do not constitute avoidable preferential transfers under 11 U.S.C. § 547.

## THIRD DEFENSE

To the extent the Debtor transferred any interest in property to or for the benefit of Voyant Beauty, the relief sought in the Complaint should be barred to the extent any such transfer was (a) intended by the debtor and creditor or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor, and (b) in fact a substantially contemporaneous exchange. 11 U.S.C. § 547(c)(1).

## FOURTH DEFENSE

To the extent the Debtor transferred any interest in property to or for the benefit of Voyant Beauty, the relief sought in the Complaint should be barred to the extent any such transfer was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Voyant Beauty and either were (i) made in the ordinary course of business or

financial affairs of the Debtor and Voyant Beauty; or (ii) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

**FIFTH DEFENSE**

To the extent the Debtor transferred any interest in property to or for the benefit of Voyant Beauty, the relief sought in the Complaint should be barred to the extent Voyant Beauty provided or caused to be provided subsequent new value to the Debtor after receiving any such transfer. 11 U.S.C. § 547(c)(4).

**SIXTH DEFENSE**

The relief sought in the Complaint should be barred to the extent the Complaint fails to plead each element of a claim under 11 U.S.C. § 547.

**SEVENTH DEFENSE**

The relief sought in the Complaint should be barred to the extent that the Plaintiff failed to satisfy his burden of conducting reasonable due diligence under 11 U.S.C. § 547(b) prior to filing the Complaint.

**EIGHTH DEFENSE**

The Plan Administrator's claims are barred, and the relief sought by the Plan Administrator in the Complaint should be denied, to the extent the Complaint fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

The Plan Administrator's claims are barred, and the relief sought by the Plan Administrator in the Complaint should be denied, to the extent the Complaint fails to state a claim upon which relief can be granted.

### NINTH DEFENSE

Plaintiff cannot avoid the alleged Transfers allegedly made to Voyant Beauty (to the extent they were actually received by Voyant Beauty) to the extent such Transfers were made outside of the applicable preference period or were made postpetition.

### TENTH DEFENSE

Plaintiff cannot avoid the alleged Transfers from Voyant Beauty to the extent the Debtors (or any of them) were solvent at the time of the payment of any such Transfer.

### ELEVENTH DEFENSE

Plaintiff cannot avoid the alleged Transfers allegedly made to Voyant Beauty (to the extent they were actually received by Voyant Beauty) to the extent Voyant Beauty was not the initial or subsequent transferee of such Transfers.

### REQUEST FOR JURY TRIAL

Voyant Beauty requests a trial by jury on all issues so triable, does not waive its right to a jury trial and does not consent to a jury trial conducted by the Bankruptcy Court.

### VOYANT BEAUTY'S RESERVATION OF RIGHTS

Voyant Beauty expressly reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery or otherwise.

### VOYANT BEAUTY'S PRAYER FOR RELIEF

**WHEREFORE**, Voyant Beauty respectfully requests that the Court grant Voyant Beauty the following relief:

  a. Judgment dismissing the Complaint;

  b. An award of attorneys' fees and costs; and

  c. Such other and further relief as the Court deems just and proper.

-11-

Dated: December 31, 2024

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

*/s/ Daniel B. Besikof*
Daniel B. Besikof
1251 Avenue of the Americas
New York, New York 10020
Email: dbesikof@lowenstein.com

-and-

Michael Papandrea
One Lowenstein Drive
Roseland, New Jersey 07068
Email: mpapandrea@lowenstein.com

*Counsel for Voyant Beauty, Inc.*